## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**GEORGE F. BUTCHER,**
**Claimant Below, Petitioner**

**FILED**

November 6, 2020
**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs.)    No. 19-0784** (BOR Appeal No. 2054125)
                    (Claim No. 800025170)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER,**
**Commissioner Below, Respondent**

**and**

**A.C. DELLOVADE, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner George F. Butcher, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). West Virginia Office of the Insurance Commissioner, by Counsel Melissa M. Strickler, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied a request for physical therapy on August 21, 2018. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its March 15, 2019, Order. The Order was affirmed by the Board of Review on August 14, 2019.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Butcher, an iron worker, was injured in the course of his employment on October 3, 1979, when he fell. The fall resulted in an injury to his back and the amputation of his left leg

1

below the knee. On May 11, 2018, the claims administrator authorized a bilateral lower extremity EMG. The claims administrator denied a request for physical therapy on August 21, 2018.

Mr. Butcher testified in a deposition on November 29, 2018, that he was injured at work in 1979 when he fell. He had to have his left leg amputated below the knee, and he also injured his back in the fall. He testified that his doctor requested physical therapy for his back because walking with a cane was causing discomfort in his spine. Mr. Butcher stated that an EMG was authorized but he did not have the study performed. He asserted that he received a letter stating that the EMG was denied.

The Office of Judges affirmed the claims administrator's denial of physical therapy in its March 15, 2019, Order. It noted that the requested EMG was never performed. Mr. Butcher testified that he was told the EMG was denied. The Office of Judges found that by May 11, 2018, Order, the claims administrator approved the EMG. The Office of Judges further found that Mr. Butcher submitted no medical evidence, including the request for physical therapy. Mr. Butcher admitted in his testimony that not everything related to his right knee was held compensable. The Office of Judges found that the claims administrator must provide medically related and reasonably required medical treatment for compensable injuries. Given that Mr. Butcher submitted no medical evidence, the Office of Judges concluded that the requested treatment could not be related to a compensable injury. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on August 14, 2019.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. In order for medical treatment to be authorized, it must be required to treat a compensable injury. Mr. Butcher submitted no medical evidence. It is therefore impossible to determine if the requested treatment is related to a compensable injury. Mr. Butcher has failed to meet his burden of proof.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: November 6, 2020**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison